Filed 07/25/14  Case 14-01038  Doc 41

16

POSTED ON WEBSITE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Carl Danny Black, II, and<br>Delaina Erica Black,<br><br>      Debtors. | Case No. 13-15357-B-7 |
| Carl Danny Black, II, Delaina<br>Erica Black, and Teresa Jean<br>Moore,<br><br>      Plaintiffs,<br><br>    v.<br><br>HSBC Bank, USA, National<br>Association, as Trustee for Wells<br>Fargo Asset Securities<br>Corporation, Mortgage Pass-<br>Through Certificates,<br>Series 2007-7; Randall D.<br>Naiman; Donny Youngblood;<br>and Dan Shanyfelt,<br><br>      Defendants. | Adv. No. 14-1038<br><br>DC No. WGM-1<br><br>DC No. SW-1<br><br>**FILED**<br><br>JUL 25 2014<br><br>UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF CALIFORNIA<br><br>JFLF |

**MEMORANDUM DECISION REGARDING MOTIONS
TO DISMISS COMPLAINT**

Nathan F. Smith, Esq., of Malcolm & Cisneros appeared on behalf of the defendant Randall D. Naiman.

Adam N. Barash, Esq., of Severson & Werson appeared on behalf of the defendant HSBC Bank, USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-7.

Jerri S. Bradley, Esq., of the Office of the County Counsel, County of Kern, appeared on behalf of the defendant Donny Youngblood, Sheriff of the County of Kern.

Ravpreet Bhangoo, Esq., of Dake, Braun & Monje, LLP, appeared on behalf of the defendant Dan Shanyfelt.

No appearance by the Plaintiffs.[1]

---

[1] All three plaintiffs notified the court shortly before the noticed hearing that they could not appear at the hearing and requested a continuance. The informal and ex parte request for a continuance

In this adversary proceeding, the court is called to consider the application of an "in rem" order for relief from the automatic stay entered under 11 U.S.C. § 362(d)(4)[2] by another bankruptcy court prior to commencement of this bankruptcy case. The debtors Carl Danny Black and Delaina Erica Black (the "Blacks") and a nondebtor Teresa Jean Moore ("Moore") (collectively, the "Plaintiffs") contend that defendant HSBC Bank, USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-7 ("HSBC"), and its co-defendants willfully violated the automatic stay in this bankruptcy case by prosecuting an unlawful detainer action and forcibly evicting the Plaintiffs from their place of residence after the commencement of this bankruptcy (the "Complaint"). Now before the court are two related motions (the "Motions") filed by defendants HSBC and Randall Naiman (collectively, the "Movants") requesting that the court dismiss the adversary proceeding with prejudice on the grounds that their actions were protected by an in rem order previously entered by another bankruptcy court under § 362(d)(4). Procedurally, the Movants contend that the Complaint does not, and cannot through any amendment, state a claim upon which relief can be granted making it subject to dismissal with prejudice under Civil Rule 12(b)(6). For the reasons set forth below, the Motions will be granted as to all defendants.[3]

---

was denied. However, at the hearing, the court deemed the matter suitable for resolution without oral argument and took both motions under submission.

[2] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as enacted and promulgated *after* October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) of 2005, Pub. L. No. 109-8, 119 Stat. 23. Additionally, all "Civil Rule" references are to the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure.

[3] Defendants Youngblood and Shanyfelt have not filed similar motions to dismiss. Instead, they opted to file answers in response to the Complaint. However, their answers pled the failure to state a claim for relief as an affirmative defense. Youngblood's answer also pled the "in rem" order as an affirmative defense. The Complaint fails to state any independent claims against Youngblood and Shanyfelt, and for the reasons set forth below, the Complaint will be dismissed as to all Defendants.

This memorandum decision is based upon facts as alleged in the Complaint, as well as facts that have been judicially noticed by the court. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (allowing the court to consider matters properly subject to judicial notice in a motion to dismiss). The Movants have requested that this court take judicial notice of certain court records and recorded documents, which is appropriate. *See C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009) (stating that the court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet"). As to the remaining documents offered in support of the Motions, that were not court-filed or recorded documents (i.e., the notice to quit and the writ of possession), those documents are consistent with the Plaintiffs' allegations in the Complaint, so they do not appear to be "subject to reasonable dispute." Fed. R. Evid. 201(b). Thus, to the extent judicially noticed facts have been included in the court's presentation of the facts below, the Plaintiffs' objection to the Movants' request for judicial notice is overruled. The court has jurisdiction over this matter under 28 U.S.C. § 1334, 11 U.S.C. § 362, and General Order No. 182 of the U.S. District Court for the Eastern District of California.[4] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**FACTUAL BACKGROUND.**

To begin, it is important to understand the relationship of the parties as pled in the Complaint. Prior to commencement of this bankruptcy, the Plaintiffs were residing in a residence located at 17602 Havenridge Drive in Bakersfield, California (the "Property"). HSBC, is the assignee from Wells Fargo Bank, N.A., of the beneficial interest under a deed of trust recorded against the Property. In October 2011, HSBC prosecuted a nonjudicial foreclosure against the Property pursuant to its deed of trust. HSBC entered a

---

[4] The Debtors filed a request to convert the underlying bankruptcy case from chapter 13 to chapter 7 on April 1, 2014. The case was subsequently dismissed on a motion from the chapter 7 trustee on June 24, 2014. However, "dismissal of the underlying bankruptcy case does not render moot an action for damages based on willful violation of the automatic stay." *Davis v. Courington (In re Davis)*, 177 B.R. 907, 911 (9th Cir. BAP 1995). As a result, this matter remains justiciable.

3

credit bid and successfully purchased the Property. (Compl. ¶ 23.) However, for the reasons summarized below, HSBC was not able to record the trustee's deed and officially take title to the Property until several months later.

Defendant Randall D. Naiman ("Naiman") is HSBC's attorney who handled the foreclosure and prosecuted the subsequent unlawful detainer proceedings in the state court. Naiman is sued solely in his capacity as HSBC's agent (Compl. ¶s 11, 16 & 17). Defendant Donny Youngblood ("Youngblood") is the Sheriff of Kern County who was responsible for enforcing the eviction decree and writ of possession entered in the unlawful detainer proceedings. Youngblood is sued solely in his capacity as HSBC's agent. (Compl. ¶s 12, 16 & 17.) Defendant Dan Shanyfelt ("Shanyfelt") is not identified until paragraph 44 of the Complaint. He was the locksmith who disabled the security system and changed the locks on the Property after the Plaintiffs were evicted. Shanyfelt is sued solely in his capacity as HSBC's agent. (Compl. ¶s 44, 16 & 17.)

The Plaintiffs allege that the Property was originally owned by Daniel and Lydia Salgado ("Salgados"). The Salgados were the original borrowers and trustors under HSBC's deed of trust. (HSBC's Request for Judicial Notice filed May 1, 2014; RJN Exs. A & B.) On March 5, 2010, the Blacks entered into a lease with an option to purchase the Property from the Salgados (the "Salgado Lease" or the "Lease"). At that time, the Blacks gave the Salgados $30,000 toward their obligation under the Lease. (Compl. ¶ 18.). At the time of the foreclosure sale in October 2011, there was a bankruptcy case pending in the Central District of California in the name of Esther Bak. Somehow, HSBC received notice that Esther Bak had acquired, through a series of transfers from the Salgados, an interest in the Property that was protected by the automatic stay in her case.[5] Accordingly, HSBC moved for and obtained an order from the Central District in the Esther Bak case annulling the automatic stay and granting relief under § 362(d)(4) (the "In Rem Order";( RJN Ex. I)). The In Rem Order was entered on January 27, 2012, and

---

[5] *In re Esther Bak*, Case No. 2:11-bk-52937-EC (Bankr. C.D. Cal. 2011).

provides for "in rem" relief consistent with § 362(d)(4) in pertinent part as follows:

> Movant: HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-7
>
> 2. The Motion affects the following real property (Property):
>
>> Street address: 17602 Havenridge Dr.
>> City, state, zip code: Bakersfield, CA, 93314
>
> 3. The Motion is granted under: ☒ 11 U.S.C. § 362(d)(4)
>
> 4. As to Movant, its successors, transferees and assigns, the stay of § 362(a) is:
>
>> a. ☒ Terminated as to Debtor and Debtor's bankruptcy estate.
>>
>> b. ☒ Annulled retroactively to the date of the bankruptcy petition filing.
>
> 5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.
>
> 9. ☒ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involve either:
>
>> ☒ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
>>
>> ☒ multiple bankruptcy filings affecting the Property.
>
> If recorded in compliance with applicable state law governing notices of interests or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.[6]

The In Rem Order was then recorded with the Kern County Recorder's Office on

---

[6] Order Granting Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (Real Property), *In re Esther Bak*, Case No. 2:11-bk-52937-EC, Jan. 27, 2012, ECF No. 59.

February 14, 2012. (RJN Ex. I.) Following entry and recordation of the In Rem Order, the trustee's deed upon sale, which documented HSBC's acquisition of the Property, was recorded on February 28, 2012. (RJN Ex. G.)

Thereafter, HSBC began the process of having the occupants of the Property evicted. HSBC and Naiman caused a notice to vacate to be posted on the Property on October 29, 2012. (Compl. ¶ 26.) The notice was signed by Naiman, in his capacity as HSBC's attorney. (RJN Ex. J.) The notice demanded that "all tenants, subtenants, and others in possession" of the Property vacate the Property.

At the time the notice to vacate was served, three people resided at the Property. The Blacks, as tenants under the Salgado Lease, had been residing there since March 2010. Moore was also living at the Property under a sublease that she entered into with the Blacks in February 2012. (Compl. ¶ 22.)

When the Plaintiffs failed to vacate the Property, HSBC initiated an unlawful detainer action in the state court (the "Unlawful Detainer Action").[7] (Compl. ¶ 26.) After the Plaintiffs filed an answer to HSBC's complaint, HSBC filed a motion for summary judgment in their Unlawful Detainer Action. The summary judgment motion was scheduled for hearing on August 7, 2013. (Compl. ¶s 29 & 30.)

On August 6, the day before the hearing on the summary judgment motion, the Blacks filed a petition under chapter 13 to commence this bankruptcy case. They gave HSBC notice of the bankruptcy on August 7. (Compl. ¶s 32 & 33). Despite the Blacks' bankruptcy filing, the state court granted HSBC's motion for summary judgment. It entered a judgment in HSBC's favor on August 21, 2013, allowing HSBC to recover possession of the Property. The judgment also ordered the clerk to issue a writ of possession directing the Sheriff to take all legal steps necessary to remove the tenants from the Property. (RJN Ex. L.)

On September 16, 2013, the Blacks filed an ex parte application in this court

---

[7] *HSBC Bank USA, Nat'l Ass'n v. Black*, Case No. S-1500-CL-275078 (Cal. Super. Ct. 2013).

seeking an order to enforce the automatic stay and an injunction to prevent the eviction. The ex parte motion disclosed the existence of the "in rem" order. The court denied the ex parte application on the grounds that (1) injunctive relief required the commencement of an adversary proceeding, and (2) relief from the in rem order required a noticed hearing supported by a showing of good faith. § 362(d)(4)(B).

On September 19, 2013, Youngblood executed the writ of possession and ejected the Plaintiffs from the Property. (Compl. ¶ 40.) Shanyfelt disabled the security system and changed the locks. HSBC then took possession of the Property. (Compl. ¶ 44.) Because the Plaintiffs were unable to move their personal property before the ejectment, HSBC moved the personal property to a storage facility. (Compl. ¶ 45.)

**DISCUSSION.**

<u>Failure to State a Claim under Civil Rule 12(b)(6).</u>  Under Civil Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6), *incorporated by* Fed. R. Bankr. P. 7012(b). "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss under Civil Rule 12(b)(6), the court accepts all factual allegations in the complaint as true and construes them, along with all reasonable inferences drawn from them, in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the court does not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In addition to looking at the factual allegations in the complaint, the court may also consider certain materials outside the pleading without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). These materials include (1) documents attached to the complaint, (2) documents incorporated by reference in the complaint, and (3) matters properly subject to judicial notice. *Id.*

The Automatic Stay under § 362. The filing of a bankruptcy petition creates an automatic stay. *See generally* § 362. Unless an exception applies, the stay bars all entities from engaging in a variety of acts against the debtor, the debtor's property, and property of the estate. *See* § 362(a)(1)–(8) (outlining acts prohibited by automatic stay); § 362(b)(1)–(28) (outlining exceptions). Relevant to this case, the automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." § 362(a)(3).

Willful Violation of the Automatic Stay under § 362(k). Section 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." § 362(k)(1). "A willful violation is satisfied if [(1)] a party knew of the automatic stay, and [(2)] its actions in violation of the stay were intentional." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002). "The words 'shall recover' indicate that Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon a finding of a willful violation of the stay." *Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 589 (9th Cir. BAP 1995). But before considering whether the two willfulness elements have been satisfied, the court must first determine whether there had been a stay violation. *See Fernandez v. GE Capital Mortg. Servs., Inc. (In re Fernandez)*, 227 B.R. 174, 180 (9th Cir. BAP 1998) (noting that violation of the stay is an element of the prima facie case),

*aff'd mem.*, 208 F.3d 220 (9th Cir. 2000) (unpublished table decision).

Here, the Blacks were evicted from the Property by HSBC and its agents shortly after they filed this bankruptcy and sought the protection of the automatic stay. The Plaintiffs' sole claim for relief is based on the premise that the Defendants' actions violated the automatic stay and they seek to recover damages pursuant to § 362(k). The Movants argue in response that the Plaintiffs cannot prevail on the claim as a matter of law because, in light of the In Rem Order, the automatic stay in this case did not prevent HSBC and its agents from enforcing its remedies. The movant's position is supported by judicially noticed facts.[8]

To decide whether a particular act against property violates the automatic stay, the court must first consider whether that property belongs to the estate. Property of the estate is broadly defined to encompass "all legal or equitable interests of the debtor in property as of the commencement of the case," wherever located and by whomever held. § 541(a)(1). What interests a debtor has at the beginning of a case are determined according to state law. *See Butner v. United States*, 440 U.S. 48, 55 (1979).

Under California law, a tenant holds a possessory interest in real property when he or she physically occupies that property. *See Williams v. Levi (In re Williams)*, 323 B.R. 691, 699 (9th Cir. BAP 2005), *aff'd*, 204 F. App'x 582 (9th Cir. 2006). Since the stay bars acts to obtain possession of or exercise control over estate property, actions taken in an eviction or unlawful detainer proceeding against a debtor-tenant's possessory interest would fall within the scope of the automatic stay. *See Ozenne v. Bendon (In re Ozenne)*, 337 B.R. 214, 219 (9th Cir. BAP 2006).

Here, had this been the first bankruptcy affecting the Property, the Defendants' actions of continuing the Unlawful Detainer Action, procuring and enforcing the resulting

---

[8] HSBC raises the argument that Moore, a nondebtor, does not have standing and is not the real party in interest to prosecute a § 362(k) claim. However, this was mentioned in a one-sentence footnote, and HSBC declined to further brief the issue. Therefore, the issue will not be considered and need not be decided to fully dispose of the issue before the court. The In Rem Order applies to any interest in the Property held by Moore.

judgment, and obtaining possession of the Property would unquestionably have constituted a violation of the automatic stay under § 362(a)(3). However, HSBC had already obtained relief from the automatic stay to enforce its remedies against the Property in the Bak bankruptcy case, and that relief carried over to this bankruptcy case by virtue of the In Rem Order. To complete the analysis, the court must now consider the scope and effect of the In Rem Order and its application to this case.

<u>In Rem Orders under § 362(d)(4).</u> On request of a party in interest, the automatic stay may be terminated, annulled, modified, or conditioned by the court based on four possible grounds. *See generally* § 362(d). Paragraph (4) of § 362(d) was added to the Bankruptcy Code in 2005 as a new fourth ground for granting stay relief. *See* BAPCPA, Pub. L. No. 109-8, § 303(a), 119 Stat. at 77–78. Its addition was "intended to reduce abusive filings." H.R. Rep. No. 109-31, pt. 1, at 70 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 138. Section 362(d)(4) currently states,[9]

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> . . .
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> >
> > (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may

---

[9] Section § 362(d)(4) was amended in 2010 in order to change "delay, hinder, *and* defraud" to "delay, hinder, *or* defraud." *See* Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327, § 2(a)(12)(C), 124 Stat. 3557, 3559.

> move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

§ 362(d)(4).

Unlike orders granting stay relief under § 362(d)(1), (2), or (3), "[a]n order entered under § 362(d)(4) has [more] serious implications." *Alakozai v. Citizens Equity First Credit Union (In re Alakozai)*, 499 B.R. 698, 703 (9th Cir. BAP 2013). Not only does the § 362(d)(4) order grant stay relief to the moving party in the immediate bankruptcy case, but it may also give the moving party stay relief in subsequent bankruptcy cases. "What follows from recording the order, as a matter of law, is that the bankruptcy court's order will be effective for cases purporting to affect the same real property that are filed up to two years after entry of the order." *In re Van Ness*, 399 B.R. 897, 902 (Bankr. E.D. Cal. 2009). Further, the § 362(d)(4) order will apply to cases involving not only the prior debtors but new debtors as well. If recorded, the order "binds any party asserting an interest in the affected property, including every non-debtor, co-owner, and subsequent owner of the property . . . , whether or not they are in privity with the debtor." *Alakozai*, 499 B.R. at 704.

Application to the Facts. The In Rem Order obtained by HSBC in the Bak bankruptcy case was clearly a § 362(d)(4) order. It makes the appropriate findings and sets forth the statutory relief in compliance with § 362(d)(4). The In Rem Order was recorded in the Kern County Recorder's Office on February 28, 2012, making its "in rem" application to this case effective. As a matter of law, the In Rem Order is "binding in any other case under this title purporting to affect [the] real property [at issue] filed not later than 2 years after the date of the entry of such order by the court." § 362(d)(4). That includes the Blacks' bankruptcy case, which was filed on August 6, 2013, less than two years after entry of the In Rem Order.

Here, the actions taken by HSBC and its agent Naiman fall within the scope of the relief granted in the In Rem Order. The Order allows the "Movant" to "enforce its

11

remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law." The "Movant" is identified as "HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-7" at the beginning of the Order, so HSBC (together with its agents) is the only party that the Order applies to in subsequent cases. All of HSBC's actions as alleged in the Complaint, in continuing the Unlawful Detainer Action, procuring and enforcing the resulting judgment, and obtaining possession of the Property fall within the scope of the In Rem Order as acts to "enforce its remedies to . . . obtain possession of the Property in accordance with applicable nonbankruptcy law."[10] Therefore, notwithstanding § 362(a)(3), the Plaintiffs cannot establish that HSBC and Naiman's conduct violated the automatic stay.

<u>Due Process.</u> The Plaintiffs argue that they were denied due process when the In Rem Order was initially entered.[11] They were not served with the stay relief motion in the Bak bankruptcy case and were not given an opportunity to appear at the hearing on that motion, so they contend that they were denied notice and an opportunity to defend against the granting of the motion and entry of the In Rem Order.

However, neither of the Plaintiffs were debtors in the Bak bankruptcy case, so they

---

[10] Although the Plaintiffs have not included HSBC's retention and relocating of their personal property as one of the five specific alleged stay violations in the Complaint, they have mentioned it in the Complaint's general allegations. However, to the extent the Plaintiffs argue that HSBC violated the stay by moving the personal property to a storage facility, that argument must also fail.

Under California law, if an evicted tenant leaves personal property on the premises after entry of an unlawful detainer judgment and service of a writ of possession, the landlord is required to "store the personal property in a place of safekeeping." Cal. Civ. Proc. Code § 1174(g). Thus, HSBC's storing of the Plaintiffs' personal property after evicting the Plaintiffs was simply part of the process to "obtain possession of the Property in accordance with applicable nonbankruptcy law" and fell within the scope of the In Rem Order.

[11] The Plaintiffs also make several other confusing arguments why the In Rem Order is not applicable or is void, including (1) that the prior bankruptcy court lacked subject matter jurisdiction, (2) that the In Rem Order did not apply to the Debtors' possessory interest, and (3) that HSBC can only enforce the In Rem Order through an adversary proceeding. None of these arguments have merit, and the court has not considered them.

were not entitled to notice of the stay relief motion that resulted in the In Rem Order. Further, the Blacks had an opportunity in their own bankruptcy case to request relief from the In Rem Order and to protect their possessory interest but failed to properly do so. Section 362(d)(4) expressly provides that "a debtor in a subsequent case under this title may move for relief from [an in rem] order based upon changed circumstances or for good cause shown, after notice and a hearing." Indeed, the Blacks filed an emergency ex parte motion to request such relief on September 16, 2013, but their motion was denied on procedural grounds.

<u>Dismissal of the Claims Against Youngblood and Shanyfelt.</u> As previously mentioned, Youngblood and Shanyfelt did not file their own motions to dismiss the claims asserted against them but instead filed responsive pleadings which raise, as affirmative defenses, the same issues now before the court in these Motions. (*See* footnote 3, *supra*.) Nevertheless, relief under Civil Rule 12(b)(6) may be raised in a motion for judgment on the pleadings under Civil Rule 12(c). *See* Fed. R. Civ. P. 12(h)(2)(B). Even though Youngblood and Shanyfelt did not seek relief under Civil Rule 12(c), the court may sua sponte evaluate the legal sufficiency of the claims against them and enter judgment on the pleadings against the Plaintiffs, if appropriate. *See Partnoy v. Shelley*, 277 F. Supp. 2d 1064, 1089 (S.D. Cal. 2003).

A motion under Civil Rule 12(c) is "functionally identical" to a motion under Civil Rule 12(b). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "In reviewing the dismissal of a complaint, [the court] inquire[s] whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso v. Gen. Dynamic C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). Also similar to a motion to dismiss, the court may consider certain extrinsic materials outside of the pleadings, such as matters subject to judicial notice, without converting the motion for judgment on the pleadings to one for summary judgment. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party

1  is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th
2  Cir. 2009).
3        Here, the Complaint alleges that Youngblood and Shanyfelt, acting as agents of
4  HSBC, violated the automatic stay by causing the Plaintiffs to be evicted from the
5  Property, by disabling the security system, and by changing the locks to the Property.
6  Because they are not alleging that Youngblood and Shanyfelt were acting outside the
7  scope of their agency, the Plaintiffs have not asserted legally sufficient claims against
8  Youngblood and Shanyfelt upon which relief can be granted.
9        As agents of HSBC, acting within the course and scope of that agency,
10 Youngblood and Shanyfelt were also protected by HSBC's In Rem Order. The Order
11 allowed the "Movant" to "enforce its remedies to foreclose upon and obtain possession of
12 the Property in accordance with applicable nonbankruptcy law," and Youngblood and
13 Shanyfelt's actions clearly fall within the scope of "obtain[ing] possession of the
14 Property." Although the In Rem Order specifies only HSBC as the "Movant" permitted
15 to obtain possession, that relief necessarily extends to those persons upon whom HSBC
16 necessarily relied to carry out the enforcement of its remedies. It is ludicrous to suggest
17 that the County Sheriff would have to seek relief from the automatic stay simply to
18 implement a remedy which a bankruptcy court had already approved. The In Rem Order
19 did not need to specify that the stay has been lifted as to the "Movant's agents" in order to
20 protect those acting on behalf of HSBC. *Cf. Reusser v. Wachovia Bank, N.A.*, 525 F.3d
21 855, 861 (9th Cir. 2008) (concluding that holder of deed of trust did not violate automatic
22 stay even though order granting stay relief did not specifically name the holder and the
23 holder was not the moving party in requesting stay relief). As the Ninth Circuit has
24 provided, the scope of an order granting stay relief "is not limited to the particular parties
25 before the court." *Id.* Thus, the scope of such orders can reasonably be extended to
26 include the agents of the party moving for stay relief without having to mention them by
27 name. Because the Plaintiffs cannot allege an independent claim for relief against
28 Youngblood and Shanyfelt, the court will sua sponte enter a "dismissal" judgment on the

pleadings in their favor.

<u>Dismissal with Prejudice under Civil Rule 15.</u>  Generally, leave to amend a complaint that has been dismissed should be freely granted.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."), *incorporated by* Fed. R. Bankr. P. 7015.  However, leave to amend "may be denied if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).  An amendment is futile if "it is clear . . . that the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).  Here, granting the Plaintiffs' leave to amend their Complaint would be futile because the Defendants can still rely on the recorded In Rem Order as a defense to an amended allegation of a stay violation.  Therefore, the court concludes that it is appropriate to dismiss the adversary proceeding with prejudice.

**CONCLUSION.**

Based on the foregoing, the Dismissal Motions will be granted.  The adversary proceeding will be dismissed with prejudice as to all Defendants.

Dated: July 25, 2014

_____
W. Richard Lee
United States Bankruptcy Judge

## Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __X__ Other Persons Specified Below:

Carl Danny Black, II
Delaina Erica Black
7001 Creemore Street
Bakersfield, CA 93308

Teresa Jean Moore
P.O. Box 75217
Honolulu, HI 96836

Adam N. Barasch, Esq.
Attorney at Law
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

Nathan F. Smith, Esq.
Attorney at Law
2112 Business Center Drive
Irvine, CA 92612

William G. Malcolm, Esq.
Attorney at Law
2112 Business Center Drive
Irvine, CA 92612

Jerri S. Bradley, Esq.
Attorney at Law
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301

Ravpreet Bhangoo, Esq.
Attorney at Law
1801- 18th Street
Bakersfield, CA 93301

Craig N. Braun, Esq.
Attorney at Law
1801- 18th Street
Bakersfield, CA 93301

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721